Arnold L. Graff (SBN 269170)
agraff@piteduncan.com
Joseph C. Delmotte (SBN 259460)
jcdelmotte@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant,
The Bank of New York Mellon as Trustee
Series CWMBS 2005-HYB10

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>YORDANOS GHEBREMICHAEL KIFLE,<br><br><br><br><br>Debtor. | Case No. 12-44330- MEH<br><br>Chapter 13<br><br>R.S. No. ALG - 022<br><br>**ORDER GRANTING ADEQUATE PROTECTION (HAMP GUIDELINES)**<br><br><u>Hearing</u>:<br>Date: August 22, 2014<br>Time: 10:00 a.m.<br>Ctrm: 215<br><br>United States Bankruptcy Court<br>Northern District of California - Oakland Division<br>1300 Clay Street<br>Oakland, CA 94612 |

  The above-captioned matter came on for hearing on July 24, 2014, at 1:00 p.m., in Courtroom 215, upon the Motion of The Bank of New York Mellon as Trustee Series CWMBS 2005-HYB10 ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Yordanos Ghebremichael Kifle ("Debtor") commonly known as 2210

E. 24th St, Oakland, California 94606 (the "Real Property"), which is legally described as follows:

> LOT 18, IN BLOCK 1 OF HIGHLAND PARK TERRACE, ACCORDING TO THE MAP THEREOF, FILED JULY 14, 1905 IN THE OFFICE OF THE COUNTY RECORDER OF SAID ALAMEDA COUNTY AND OF RECORD IN MAP BOOK 20, AT PAGE 51.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. Debtor shall tender payments in the amount of $1,773.01 (as ordered by the court pursuant to Home Affordable Modification Program guidelines) commencing September 1, 2014, and continuing thereafter on the first (1st) of each month. Payments are to be remitted to:

> PNC Mortgage, A Division of PNC Bank, NA
> Attn: Bankruptcy Dept.
> 3232 Newmark Drive
> Miamisburg, OH 45342-5421

2. The payment amount listed in paragraph 1 herein may be less than the contractual payment amount pursuant to the terms of the Note and Deed of Trust. Post-petition arrearages may continue to accrue pursuant to the terms of the Note and Deed of Trust and under applicable bankruptcy law.

3. If applicable, Debtor shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance on a timely basis.

4. In the event of a default on paragraphs 1 or 3 of above-described provisions, inclusive of this Order, Movant shall provide written notice to Debtor Yordanos Ghebremichael Kifle at 2212 E. 24th St, Oakland, California 94606 and to Debtor's attorney of record, Patrick L. Forte, Law Office of Patrick L. Forte, 1 Kaiser Plaza #480, Oakland, CA 94612-3610, indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail,

2
CASE NO. 12-44330- MEH
**ORDER GRANTING ADEQUATE PROTECTION (HAMP GUIDELINES)**

Case: 12-44330   Doc# 42   Filed: 08/25/14   Entered: 08/25/14 10:18:27   Page 2 of 5

Movant may restore its Motion to the court's calendar upon 14 days notice.

5.   ~~Debtor shall submit a completed loan modification application and provide all requested information and documentation in support of the loan modification no later than sixty (60) days from the entry of this order.~~

6.   ~~Debtor shall file a declaration with the court confirming the complete loan modification application has been submitted no later than sixty (60) days from the entry of this order.~~

7.   ~~In the event of a default on paragraphs 5 or 6 of the above, inclusive of this Order, Movant may file a Declaration of Non-Compliance and restore its Motion upon 14 days notice. The declaration shall attest to Debtor's failure to timely provide required documents, or to the denial of Debtor's loan modification application.~~

8.   The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder and/or its right to the complete contractual payment as determined by the terms of the Note and Deed of Trust.

9.   In the event Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10.  The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtor.

11.  In the event this case is converted to a Chapter 7 proceeding, Movant may restore its Motion on seven (7) days notice to the chapter 7 trustee.

12.  Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Martha G. Bronitsky.

13.  Any notice that Movant shall give to Debtor or attorney for Debtor, pursuant to this Order, shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

Case: 12-44330   Doc# 42   Filed: 08/25/14   Entered: 08/25/14 10:18:27   Page 3 of 5

14. Either party may restore matter to calendar on fourteen (14) days notice.

APPROVED AS TO FORM:

AS AMENDED ON PG. 3

_____
~~Patrick L. Forte~~ ANNE Y. SHIMY
Attorney for Debtor
LAW OFFICES OF
PATRICK L. FORTE

** END OF ORDER **

4

CASE NO. 12-44330- MEH

**ORDER GRANTING ADEQUATE PROTECTION (HAMP GUIDELINES)**

Case: 12-44330    Doc# 42    Filed: 08/25/14    Entered: 08/25/14 10:18:27    Page 4 of 5

**COURT SERVICE LIST**